With reference to this the court at General Term said:

" There was no conversion of the milk cans established upon the trial. The defendant received the cans from the plaintiff under an agreement that he would return them to the plaintiff, and he has neglected so to do. There has been no demand made for their return. The possession of the defendant was lawful, and until he was guilty of some tortious act in reference to the property there was no conversion. (*Hall* v. *Robinson*, 2 N. Y., 293; *Jessop* v. *Miller*, 1 Keyes, 321.) Mere omission is not conversion or equivalent to a conversion. (*Hawkins* v. *Hoffman*, 6 Hill, 588; *Scovill* v. *Griffith*, 12 N. Y., 509.)"

The judgment should be reversed and a new trial granted, costs to abide event.

*Richard L. Sweezy*, for the appellant. *Bacon & Duryea*, for the respondent.

Opinion by BARNARD, P. J.; GILBERT, J., concurred; DYKMAN, J., not sitting.

Judgment and order denying new trial reversed, and new trial granted, costs to abide event.

---

THOMAS C. VAN BRUNT, RESPONDENT, v. JOHN AHEARN, IMPLEADED, ETC., APPELLANT.

*Complaint — alleging obstruction of highway — Public nuisance — when an action to abate, is maintainable.*

APPEAL from an order overruling a demurrer to the complaint.

The complaint in this action alleges that the plaintiff is the owner of certain land fronting on a certain way, road or street, known as Catharine street. In one portion of the complaint the plaintiff states that he is entitled to a right of way through Catharine street, as an easement, and in another part he states substantially that Catharine street is a public highway. The plaintiff further states that his only means of access to his land is through Catharine street. It is then charged that the defendant, with another person, have wrongfully dug up this street and erected upon it a building, and placed across it a

fence, so as to prevent all passing over it by the plaintiff, and that damage has resulted to the plaintiff by these wrongful acts; that the defendants continue the obstruction and refuse to remove them, and that since the erection of these structures he has been deprived of the use of this street. The relief demanded is that Catharine street be restored to its previous condition; that the defendant be enjoined from further interfering with the plaintiff's rights therein, and that the plaintiff recover the damages sustained.

A demurrer to this complaint was interposed on the grounds following:

*First.* That there is a defect of parties defendant.

*Second.* That several causes of action have been improperly united.

*Third.* That the complaint does not state facts sufficient to constitute a cause of action.

After disposing of the two first grounds of the demurrer, with reference to the third cause, the court at General Term said:

" The complaint does state facts sufficient to constitute a cause of action. It alleges that the plaintiff is the owner of land fronting on Catharine street, and that his only public entrance to the said land and his only mode of access thereto was through that street; that he has a private right of way as an easement over the said street to his lands, and also that it is a public highway, and that the defendants have fenced up the street and continued the obstructions so that the plaintiff cannot reach his land through the same. If the plaintiff has a right of way over the street, then, although the obstructions are not a public nuisance, yet the plaintiff has the right to have it abated and to invoke the aid of the court to cause its removal. (*Drake* v. *Rogers*, 3 Hill, 604.)

If the street is a public highway, then the obstacles are a public nuisance, and the plaintiff may maintain this action for its abatement, having alleged special damages peculiar to himself. (*Delaney* v. *Blizzard*, 7 Hun, 7; *Knox* v. *Mayor*, 55 Barb., 404.)

The defendant's counsel seem to regard this as an action for the abatement of a nuisance similar to the common-law action for that purpose, and that it was necessary to allege that the plaintiffs were the owners of the freehold affected by the nuisance at the time the acts complained of were committed, and that the defendants were

the owners of the land whereon the nuisance was erected. In this the counsel is in error. As has been already stated, it is an action in equity, and the court can administer relief in this class of cases on broad principles of justice, without reference to technicalities which prevailed formerly on this subject in courts of law. (*Knox v. Mayor, supra.*)"

*Frank Crooke,* for the appellant. *Alfred B. Cruikshank,* for the respondent.

Opinion by Dykman, J.; Barnard, P. J., concurred; Gilbert, J., not sitting.

Order overruling demurrer to complaint affirmed, with costs and disbursements.

---

MARGARET S. WOODBRIDGE, Appellant, *v.* PELEG NELSON, Respondent.

*Conversion of property — what evidence sufficient to establish — order of arrest for.*

Appeal from an order made at the Special Term, setting aside an order of arrest.

The court, at General Term, said: " The facts so far as they are material for the discussion of the present appeal are few. On the 27th of January, 1877, the plaintiff owned certain household furniture which she had in her possession in the house, 24 Nassau street, Brooklyn. On that day she sold the furniture to defendant, and took in part payment for the same a note of $250, accompanied by a chattel mortgage. The note was payable at six months, and the mortgage was filed in the proper office. It was designed and intended that the furniture should remain in the house 24 Nassau street, until after the note was paid. The defendant without plaintiff's knowledge, moved three times before the note was due. The plaintiff, in the last days of July, 1877, found him occupying rooms in Hicks street; he had not taken the furniture there. The plaintiff called there on the 30th of July, 1877, the last day of grace upon the note, and was told by defendant's wife that he was in Boston. Defendant's wife also told plaintiff at this interview that